THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. LONDON COLLINS, Defendant-Appellee.

First District (1st Division)   No. 1—99—1317

Opinion filed December 29, 2000.

Michael J. Pelletier and Lori L. Mosby, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Alan J. Spellberg, and Michele Grimaldi Stein, Assistant State's Attorneys, of counsel), for the People.

JUSTICE COHEN delivered the opinion of the court:

The petitioner, defendant London Collins, appeals from an order of the circuit court of Cook County dismissing his *pro se* petition for postconviction relief as "patently without merit." We reverse.

On August 20, 1998, as part of a plea agreement negotiated by appointed counsel, the petitioner pleaded guilty before the trial court to one count of possession of a controlled substance (cocaine) with intent to deliver in violation of section 401(a)(2)(B) of the Illinois Controlled Substances Act (720 ILCS 570/401(a)(2)(B) (West 1994)), a Class X felony offense carrying a minimum prison sentence of nine years. Pursuant to the plea agreement, a second count of possession of a controlled substance was dismissed. The trial judge entered judgment on the plea and sentenced the petitioner to the minimum prison term of nine years, with credit for time served. The record reflects that no motion to withdraw the plea or notice of appeal was ever filed on the petitioner's behalf.

On March 16, 1999, the petitioner filed a *pro se* petition for postconviction relief pursuant to the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West 1994)), alleging that petitioner

"wanted to appeal the case, which my counsel told me that he will [*sic*], But [*sic*] never did." Petitioner attached to his petition his own affidavit, attesting that "[a]ll the facts presented are true and correct to the best of my recollection." No other supporting affidavits accompanied the petition. A reviewing judge summarily dismissed the petition, finding that it was "patently without merit." The petitioner appeals from that decision, asserting that the reviewing judge erred in summarily dismissing the postconviction petition where the petitioner had stated the "gist of a meritorious constitutional claim."

On October 10, 2000, we issued an order in this matter pursuant to Supreme Court Rule 23. 166 Ill. 2d R. 23. Both parties filed petitions for rehearing which we denied on November 17, 2000. The order of October 10 was subsequently withdrawn to allow consideration of the State's motion for leave to cite additional authority, which we hereby grant.

## I. Sufficiency of Claim

■ The standard of review of the summary dismissal of a postconviction petition under the Act is *de novo*. *People v. Johnson*, 314 Ill. App. 3d 444, 452 (2000).

■ The trial court's consideration of a petition under the Act is a three-step process. *People v. Anderson*, 287 Ill. App. 3d 1023, 1027 (1997). The trial court must first determine whether the petition is frivolous or patently without merit and thus subject to summary dismissal. 725 ILCS 5/122—2.1(a)(2) (West 1994); *Anderson*, 287 Ill. App. 3d at 1027. Finding the petition now before us to be patently without merit, the trial court summarily dismissed it. Therefore, the petition never progressed beyond the first stage of consideration under the Act. *Anderson*, 287 Ill. App. 3d at 1027.

In order to survive summary dismissal, a petitioner under the Act need only assert "the gist of a constitutional claim." *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). "This is a low threshold and a defendant need only present a limited amount of detail in the petition." *Gaultney*, 174 Ill. 2d at 418. It should be noted that this is a significantly lower evidentiary burden than the "substantial showing of a violation of constitutional rights" required to merit an evidentiary hearing on the petition in the *third* stage of consideration under the Act. *People v. Coleman*, 183 Ill. 2d 366, 381 (1998); 725 ILCS 5/122—6 (West 1994).

■ Under the rule in *Strickland v. Washington*, 466 U.S. 668, 688, 692, 80 L. Ed. 2d 674, 693, 696, 104 S. Ct. 2052, 2064, 2067 (1984), in order to state a claim for ineffective assistance of counsel, a defendant must show (1) that counsel's representation "fell below an objective

standard of reasonableness" and (2) that counsel's deficient performance prejudiced defendant. In *People v. Wilk*, the Illinois Supreme Court set forth the requirements for pleading such a claim under the Act:

> "[T]he defendant *pro se* needs only to allege a violation of his sixth amendment right to effective assistance of counsel, due to the attorney's failure to preserve appeal rights, and allege whatever grounds he or she would have had to withdraw his or her plea of guilty had a proper motion to withdraw been filed by defendant's counsel prior to the filing of a notice of appeal. At the hearing on the post-conviction petition, the two-pronged test laid down in *Strickland v. Washington* will apply to determine if in fact the defendant has been deprived of effective assistance of counsel.
>
> The first prong, whether the attorney's performance fell below an objective standard of reasonableness under prevailing professional norms, will require a minimal factual basis. The questions will be: Did the defendant communicate a desire to appeal? Was counsel appointed? Did counsel fail to follow Rule 604(d)? The second prong, whether there is a reasonable probability that, 'but for counsel's unprofessional errors, the result of the proceeding would have been different,' will need to show the merits of defendant's grounds to withdraw the plea." *People v. Wilk*, 124 Ill. 2d 93, 107-08 (1988).

In *People v. Moore*, 133 Ill. 2d 331 (1990), the court narrowed its decision in *Wilk* by holding that no showing of prejudice under the *Strickland* test is necessary where a postconviction petition is used to remedy counsel's failure to perfect defendant's appeal. Prejudice is presumed in such circumstances. *Moore*, 133 Ill. 2d at 339.

In its motion for leave to cite additional authority, the State directs us to the recent decision of the Illinois Supreme Court in *People v. Edwards*, No. 87930 (November 16, 2000).[1] In *Edwards*, the petitioner, who was represented by appointed counsel, entered into a negotiated guilty plea on a charge of possession of a controlled substance with intent to deliver. No motion to withdraw the guilty plea or notice of appeal was ever filed on the petitioner's behalf. *Edwards*, slip op. at 1. The petitioner filed a *pro se* postconviction petition, alleging:

> " 'I requested Atty. Lenik to file an appeal after the judge told me that I could do so. Atty. Lenik stated, in regard to the appeal, *quote* [*sic*] On what grounds? *unquote* [*sic*]. Atty. Lenik had taken it or decided for herself not to file an appeal in spite of my numerous requests to.' " *Edwards*, slip op. at 2.

The trial court, apparently construing the language of the petition as

---

[1]Editor's note: Rehearing was allowed on January 29, 2001. The opinion filed after rehearing is published at 197 Ill. 2d 239.

an ineffective assistance of counsel claim predicated on petitioner's *failure to withdraw his guilty plea*, ruled that petitioner's claim was without merit "because petitioner failed to demonstrate that he had any basis for withdrawing his guilty plea." *Edwards*, slip op. at 2. The appellate court affirmed, distinguishing *Moore* (*i.e.*, requiring a showing of prejudice under *Strickland*) on the grounds that the defendant in *Moore* was convicted, not after entry of a negotiated plea, but after *trial*. *People v. Edwards*, 305 Ill. App. 3d 853, 857-58 (1999). The appellate court held that where defendant enters into a negotiated plea, no presumption of prejudice attaches to counsel's failure to perfect an appeal, and defendant must allege grounds for withdrawal of his guilty plea in order to state a claim for ineffective assistance of counsel in a postconviction petition. *Edwards*, 305 Ill. App. 3d at 858.

On appeal to the Illinois Supreme Court, the State argued that dismissal of the petitioner's postconviction petition was proper where the petitioner failed to allege any basis for withdrawal of his guilty plea. The petitioner responded that, in deciding *Moore*, the court changed the rule in *Wilk* and that petitioner was therefore no longer required to allege grounds for the withdrawal of his guilty plea in order satisfy the second (prejudice) prong of the *Strickland* test. *Edwards*, slip op. at 4.

The court recognized the ministerial nature of the filing of a notice of appeal in the criminal context, as compared with the nonministerial and mandatory nature of the filing of a motion to withdraw a guilty plea (*Edwards*, slip op. at 5; 145 Ill. 2d R. 604(d)), and voiced no objection to the approach of the lower courts in construing the postconviction petition as a claim for ineffective assistance arising from counsel's failure to withdraw petitioner's guilty plea. We so construe the petition before us.

Without further comment on either *Wilk* or *Moore*, the *Edwards* court held that petitioner's failure to give grounds for withdrawal of his guilty plea to his trial counsel should be considered, not under the *prejudice* prong of the *Strickland* test, but under the *performance* prong—whether counsel's representation "fell below an objective standard of reasonableness." *Edwards*, slip op. at 4; *Strickland,* 466 U.S. at 688, 692, 80 L. Ed. 2d at 693, 696, 104 S. Ct. at 2064, 2067. The court then held:

> "[T]rial counsel's failure to file a motion to withdraw [petitioner's] guilty plea was not unreasonable. We refuse to create a rule which would require defense counsel to invent grounds for withdrawal of a defendant's guilty plea when defendant fails to provide counsel with an articulable basis for doing so and he offers none in his [*pro se*] post-conviction petition." *Edwards*, slip op. at 5.

The court then affirmed the dismissal of petitioner's postconviction

petition as frivolous and patently without merit. *Edwards*, slip op. at 6.

■ We find that there is a fundamental difference between the allegations at issue in *Edwards* and those in the case before us. As a result, *Edwards* may be distinguished on its facts. In *Edwards*, the petitioner alleged that when he requested that his counsel appeal his conviction, his counsel responded, "On what grounds?" *Edwards*, slip op. at 2. This response may be construed to mean either that counsel was unaware of any such grounds or that counsel was of the opinion that no such grounds existed. The petitioner in the case before us, however, has alleged that upon requesting that counsel appeal his conviction, *counsel told the petitioner that he would do so.* Although the petitioner does not quote counsel's exact words, we may infer that counsel failed to qualify or limit his agreement to appeal. "In reviewing the dismissal of a [postconviction] petition, the appellate court must look to allegations contained in the petition, *construed liberally in favor of petitioner*, and as set forth in light of the record and transcript. [Citation.] *Pro se* petitions also require a more liberal reading than is applied to formal pleadings prepared by counsel. [Citations.]" (Emphasis added.) *People v. Smith*, 268 Ill. App. 3d 574, 580 (1994).

■ *Edwards* requires us to consider the petitioner's failure to allege grounds for the withdrawal of his guilty plea in his postconviction petition under the performance prong of the *Strickland* test. *Edwards*, slip op. at 5. We must therefore decide whether the allegation that counsel failed to perfect the petitioner's appeal *after specifically agreeing to do so*, standing alone, is sufficient to state a claim that counsel's representation "fell below an objective standard of reasonableness" under *Strickland*, 466 U.S. at 688, 692, 80 L. Ed. 2d at 693, 696, 104 S. Ct. at 2064, 2067. We hold that it is. We believe that no reasonable counsel would agree to a client's request that he appeal the client's criminal conviction unless counsel had already exercised his sound professional judgment and determined that meritorious grounds existed to support such an appeal. Because counsel for the petitioner assured his client that counsel would appeal, we must presume that counsel had already exercised his judgment and determined that such grounds did in fact exist. The concern of the *Edwards* court, that counsel would be required to "invent" grounds for withdrawal of a defendant's guilty plea, is unfounded where counsel is already aware of such grounds. *Edwards*, slip op. at 5. We therefore find that counsel's failure to perfect the petitioner's appeal (*i.e.*, to move to withdraw the petitioner's plea) *after specifically agreeing to do so* was objectively unreasonable under the performance prong of the *Strickland* test. Under *Edwards*, the petitioner was therefore not required-

to allege grounds for the withdrawal of his guilty plea in his postconviction petition.

Bearing in mind the low pleading threshold required under the first stage of the Act (*Gaultney*, 174 Ill. 2d at 418), we believe that, on its face, the petition before us sufficiently alleges the gist of a meritorious constitutional claim—*i.e.*, ineffective assistance of counsel predicated on failure to perfect an appeal. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8.

## II. Affidavits

■ The Act requires that all petitions must be "verified by affidavit." 725 ILCS 5/122—1(b) (West 1994). The petition before us is so verified. The Act further requires that the petition "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122—2 (West 1994). The petition before us is accompanied only by petitioner's own affidavit attesting to the truth of the facts presented; no additional affidavits, records or other supporting evidentiary materials are present and the petitioner offers no explanation for the absence of such materials.

■ The fact that the record before us does not present other *affirmative* evidence in support of the petitioner's claim is unsurprising. The petitioner is incarcerated, indigent and apparently barely literate. The only people likely to have been present to witness the alleged conversation were the petitioner himself and his attorney. The petitioner has already stated in his petition that such a conversation took place. He has attested to the truth of this statement by means of a sworn affidavit. To rigidly require a *pro se* petitioner under these circumstances to present separate affidavits and/or other evidentiary matter regarding a conversation at which only petitioner and his attorney were present would be both oppressive and unfair. Compare *People v. Dredge*, 148 Ill. App. 3d 911, 913-14 (1986) (holding that a *pro se* postconviction petition lacking attached affidavits that is nonetheless verified and contains allegations that are uncontradicted by the trial record is sufficient to survive summary dismissal), with *People v. Mendez*, 221 Ill. App. 3d 868, 872-73 (1991) (holding that petitioner's own affidavit of the truthfulness of the contents of his petition was insufficient to merit an evidentiary hearing in the third stage of consideration under the Act where his allegation of ineffective assistance of counsel for failure to call alibi witnesses was unaccompanied by the affidavits of the witnesses themselves).

The petition before us, verified by sworn affidavit, never progressed beyond the first stage of consideration under the Act. 725 ILCS 5/122—2.1(a)(2) (West 1994). We find that, under the circumstances before us, the petitioner's failure to submit additional affidavits with his petition

was justified. Because we find that the petitioner satisfied his burden under the Act at the first stage of consideration, the petition was sufficient to survive summary dismissal. 725 ILCS 5/122—1, 122—2 (West 1994).

For the foregoing reasons, we reverse the circuit court's order dismissing the petition as "patently without merit." On remand, the trial court is directed to appoint counsel to represent the petitioner with respect to his petition for postconviction relief and to docket this matter for further proceedings in accordance with sections 122—4 through 122—6 of the Act. 725 ILCS 5/122—4 through 122—6 (West 1994).

Reversed and remanded, with directions.

McNULTY, P.J., and O'MARA FROSSARD, J., concur.