Docket No. 90679–Agenda 12–November 2001.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. LONDON COLLINS, Appellee.

JUSTICE THOMAS delivered the opinion of the court:

The issue presented is whether the circuit court properly dismissed defendant’s 
pro se
 post-conviction petition as frivolous and patently without merit. See 725 ILCS 5/122–2.1(a)(2) (West 2000). We hold that dismissal was proper.

BACKGROUND

On August 20, 1998, and as part of a negotiated plea agreement, defendant pleaded guilty to one count of possessing a controlled substance with the intent to deliver (720 ILCS 570/401(a)(2)(B) (West 2000)). As required by Supreme Court Rule 402(a) (177 Ill. 2d R. 402(a)), the circuit court fully admonished defendant as to the nature of the charge, the statutory sentencing range, and the rights he would be waiving by pleading guilty. After determining that defendant’s guilty plea was both voluntary and supported by a sufficient factual basis, the circuit court accepted the plea and imposed the statutory minimum sentence of nine years in prison (see 720 ILCS 570/401(a)(2)(B) (West 2000)). The circuit court then advised defendant that, although he possessed the right to appeal, that right is contingent upon the timely filing of a motion to withdraw his guilty plea and vacate the judgment. Defendant filed no such motion, and no appeal was taken.

On March 16, 1999, defendant filed a 
pro se
 petition for post-conviction relief. In the petition, defendant alleged several claims of error, including the following:

“I wanted to appeal the case, which my counsel told me that he will. But never did. that brings me to submitt this motion. thinking im waiting to go back on appeal. I also ask him to put me in for a reduction sentence. which he mislead me. He never submitted that either.”

The only attachment to defendant’s petition was the following sworn verification, which states in its entirety:

“I, London Collins, a prisoner incarcerated in Tamms Minimum Security Unit, have read and understand the above Petition for Post Conviction Relief. All the facts presented are true and correct to the best of my recollection.”

The circuit court dismissed defendant’s petition as frivolous and patently without merit. See 725 ILCS 5/122–2.1(a)(2) (West 2000).

On October 10, 2000, the appellate court issued its initial order reversing the circuit court’s dismissal of defendant’s petition. In that order, the appellate court concluded that, although the allegations set forth above stated the gist of a meritorious constitutional claim, the absence of any supporting documentation rendered defendant’s petition insufficient to justify second-stage review under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122–1 
et seq
. (West 2000)). The court therefore remanded the cause to the circuit court so that defendant could file affidavits that:

“minimally address the specifics of the defendant’s attorney’s statement that he would appeal the case, describe in detail all of defendant’s subsequent contacts with his attorney and explain fully the twenty-one month delay between the defendant’s conviction and the filing of his petition.”
(footnote: 1) 

According to the appellate court’s order, if defendant successfully filed the requisite affidavits within the allotted time frame, the circuit court would be required to docket defendant’s petition for further proceedings. Conversely, if defendant failed to file the necessary affidavits, “the trial court [would be] free to grant a motion to dismiss by the State.”

On October 25, 2000, defendant filed a petition for rehearing, arguing that the appellate court lacked the authority to remand the cause for the submission of additional affidavits. According to defendant, once it concluded that defendant’s petition stated the gist of a meritorious constitutional claim, the appellate court was required to remand the cause for second-stage post-conviction proceedings, including the appointment of counsel. On October 26, 2000, the State likewise filed a petition for rehearing, arguing that the appellate court’s decision ran afoul of the Act in numerous ways. In particular, the State argued that (1) the Act does not contemplate a petition that states the gist of a meritorious claim but nevertheless is insufficient to justify second-stage review, and (2) the circuit court would 
not
 be “free to grant a motion to dismiss by the State” based on defendant’s failure to submit the requisite affidavits, as the Act does not permit the filing of such motions until the second stage of post-conviction review. On November 17, 2000, the appellate court denied both petitions for rehearing without comment.

On November 21, 2000, the appellate court notified the parties of its intent to file a subsequent opinion in this case. The next day, the appellate court cancelled the filing of any subsequent opinions “until further notice.” On December 5, 2000, the State filed in the appellate court a notice of intent to seek leave to appeal. On December 19, 2000, the State filed its petition for leave to appeal. Two days later, the appellate court withdrew its order of October 10, 2000, and informed the parties of its intent to file a new opinion in the case at a later but unspecified date. On December 28, 2000, defendant filed a motion in the appellate court requesting reinstatement of the appellate court’s original order, arguing that the appellate court lost jurisdiction over the case when the State filed its petition for leave to appeal. On December 29, 2000, and without disposing of defendant’s motion to reinstate, the appellate court issued a new opinion.

In its new opinion, the appellate court again reversed the circuit court’s dismissal of defendant’s petition. 319 Ill. App. 3d 193. As in its initial order, the appellate court concluded that the contested portion of defendant’s petition stated the gist of a meritorious constitutional claim. Contrary to its initial order, however, the court this time concluded that the absence of supporting affidavits did not render defendant’s petition legally insufficient. Specifically, the court held that the absence of such documentation was both “unsurprising” and “justified,” given that defendant was “incarcerated, indigent and apparently barely literate.” Moreover, because the only other likely witness to the alleged conversation was the attorney that defendant now claims was ineffective, it would be “both oppressive and unfair” to require independent evidence of that conversation beyond defendant’s sworn verification. Consequently, the appellate court reversed the circuit court’s summary dismissal of defendant’s petition and remanded the cause for second-stage post-conviction proceedings.

The State subsequently filed a motion to substitute a new petition for leave to appeal for the one originally filed in this court, and this court granted both the motion and the petition.177 Ill. 2d R. 315(a).

ANALYSIS

Before reaching the merits of this appeal, we must address the 

validity of the appellate court’s second decision in this case. In 
People v. Turnage
, 162 Ill. 2d 299, 305 (1994), this court unanimously held that, once a petition for leave to appeal is filed in this court, the appellate court loses jurisdiction over the cause and may not file any additional opinions. Here, the appellate court 
issued its second opinion 
sua sponte
 on December 29, 2000, 10 days after the State petitioned this court for leave to appeal. The appellate court’s December 29, 2000, decision therefore is void for a lack of jurisdiction, and we order the appellate court to withdraw that opinion and reinstate its decision of October 10, 2000. See 
Turnage
, 162 Ill. 2d at 305.

We now turn to the merits. The Post-Conviction Hearing Act (Act) establishes a procedure for determining whether a criminal defendant was convicted in substantial violation of his or her constitutional rights. 725 ILCS 5/122–1(a) (West 2000). Proceedings under the Act are commenced by the filing of a petition in the circuit court in which the conviction occurred. 725 ILCS 5/122–1(b) (West 2000). The petition must identify the proceeding in which the conviction occurred, state the date of the contested final judgment, and clearly identify the alleged constitutional violations. 725 ILCS 5/122–2 (West 2000). In addition, the petition must be both verified by affidavit (725 ILCS 5/122–1(b) (West 2000)) and supported by “affidavits, records, or other evidence” (725 ILCS 5/122–2 (West 2000)). If such “affidavits, records, or other evidence” are unavailable, the petition must explain why. 725 ILCS 5/122–2 (West 2000).

Upon the petition’s filing, the circuit court has 90 days in which to review the petition and determine whether, on its face, “the petition is frivolous or is patently without merit.” 725 ILCS 5/122–2.1(a)(2) (West 2000). If the circuit court determines that the petition is either frivolous or patently without merit, it “shall dismiss the petition in a written order.” 725 ILCS 5/122–2.1(a)(2) (West 2000). A post-conviction petition is considered frivolous or patently without merit if the petition’s allegations, taken as true, fail to present the gist of a meritorious constitutional claim. 
People v. Gaultney
, 174 Ill. 2d 410, 418 (1996). Moreover, the failure to either attach the necessary “affidavits, records, or other evidence” or explain their absence is “fatal” to a post-conviction petition (
People v. Turner
, 187 Ill. 2d 406, 414 (1999)) and by itself justifies the petition’s summary dismissal (
People v. Coleman
, 183 Ill. 2d 366, 380 (1998), quoting 
People v. Jennings
, 411 Ill. 21, 26 (1952)). We review the dismissal of a post-conviction petition 
de novo
. 
Coleman
, 183 Ill. 2d at 389.

In this case, the circuit court properly dismissed defendant’s 
pro se
 post-conviction petition. Contrary to the clear mandate of section 122–2 of the Act, defendant’s petition was unsupported by “affidavits, records, or other evidence” and offered no explanation for the absence of such documentation. This fact alone justifies the summary dismissal of defendant’s petition. 
Coleman
, 183 Ill. 2d at 380; 
Jennings
, 411 Ill. at 26.

In reaching this result, we necessarily reject defendant’s contention that his sworn verification can serve as a substitute for the “affidavits, records, or other evidence” mandated by section 122–2. First, the Act itself clearly distinguishes between the sworn verification that defendant filed and the supporting “affidavits, records, or other evidence” that defendant neglected to file. The necessity of a sworn verification is addressed in section 122–1 of the Act, which provides that a post-conviction proceeding is initiated by the filing of a petition “verified by affidavit.” 725 ILCS 5/122–1(b) (West 2000). The necessity of attaching “affidavits, records, or other evidence” to the petition is addressed in section 122–2, which provides that “[t]he petition shall have attached thereto affidavits, records, or other evidence 
supporting its allegations
 or shall state why the same are not attached.” (Emphasis added.) 725 ILCS 5/122–2 (West 2000). Thus, under the plain language of the Act, the sworn verification described in section 122–1 serves a purpose wholly distinct from the “affidavits, records, or other evidence” described in section 122–2. The former, like all pleading verifications, confirms that the allegations
 
are brought truthfully and in good faith. See, 
e.g.
, 
In re Marriage of Pitulla
, 202 Ill. App. 3d 103, 120 (1990). The latter, by contrast, shows that the verified allegations are capable of objective or independent corroboration. To equate the two is not only to confuse the purposes of subjective verification and independent corroboration but also to render the “affidavits, records, or other evidence” requirement of section 122–2 meaningless surplusage. We will not adopt such a reading. See 
People v. Maggette
, 195 Ill. 2d 336, 350 (2001) (statute should be construed so that no term is rendered superfluous or meaningless). 

Moreover, the two decisions upon which defendant principally relies are clearly distinguishable from this case. Defendant insists that both 
People v. Washington
, 38 Ill. 2d 446 (1967), and 
People v. Williams
, 47 Ill. 2d 1 (1970), stand for the proposition that a sworn verification is all that is needed to substantiate a post-conviction claim arising from discussions between a criminal defendant and his attorney. Defendant misreads these decisions. To be sure, in both 
Washington
 and 
Williams
, the post-conviction petitions contained claims arising from conversations between the defendant and his attorney and were supported only by the defendant’s sworn verification. But in 
Washington
, the petition 
also
 contained an explanation as to why the necessary “affidavits, records, or other evidence” were unobtainable. Thus, the petition in 
Washington
 explicitly complied with section 122–2’s mandate that a post-conviction petition “shall have attached thereto affidavits, records, or other evidence supporting its allegations 
or shall state why the same are not attached
.” (Emphasis added.) 725 ILCS 5/122–2 (West 2000). Similarly, in 
Williams
, the defendant alleged that he relied upon certain misrepresentations that were “whispered to him” by his attorney following the entry of his guilty plea. 
Williams
, 47 Ill. 2d at 2. Thus, although the petition in 
Williams
 did not explicitly explain why “affidavits, records, or other evidence” were not attached, it did contain facts from which this court easily inferred that “the only affidavit that petitioner could possibly have furnished, other than his own sworn statement, would have been that of his attorney.” 
Williams
, 47 Ill. 2d at 4. In stark contrast, the post-conviction petition that defendant filed in this case complies with neither the letter nor the substance of section 122–2, as it lacks not only an explanation for the absence of supporting evidence but also even a single allegation from which such an explanation could reasonably be inferred.

We recognize, of course, that requiring the attachment of “affidavits, records, or other evidence” will, in some cases, place an unreasonable burden upon post-conviction petitioners. Indeed, 
Washington
 and 
Williams
 are two such cases. This does not mean, however, that the petitioners in such cases are relieved of bearing any burden whatsoever. On the contrary, section 122–2 makes clear that the petitioner who is unable to obtain the necessary “affidavits, records, or other evidence” must at least explain why such evidence is unobtainable. In this case, defendant is asking to be excused not only from section 122–2’s 
evidentiary
 requirements but also from section 122–2’s 
pleading
 requirements. Nothing in the Act authorizes such a comprehensive departure.

Finally, we note that our recent decision in 
People v. Edwards
, 197 Ill. 2d 239 (2001), has no application to this case. Although factually quite similar to the present case, 
Edwards
 addressed a wholly distinct question. The issue in 
Edwards
 was whether the factual allegations set forth in the defendant’s post-conviction petition stated the gist of a meritorious claim of ineffective assistance of counsel. In analyzing that question, this court had neither reason nor occasion to assess the sufficiency of the petition’s supporting documentation. In fact, the opinion in 
Edwards
 does not even describe what, if any, supporting evidence was attached to the petition. We therefore reject defendant’s contention that 
Edwards
 dictates an affirmance of the appellate court’s decision in this case.

CONCLUSION

Because defendant’s 
pro se
 post-conviction petition included neither “affidavits, records, or other evidence” supporting his claims nor an explanation as to why such supporting evidence was lacking, the circuit court properly dismissed that petition as frivolous and patently without merit. We therefore reverse the judgment of the appellate court and affirm the judgment of the circuit court.

Appellate court judgment reversed;

circuit court judgment affirmed.

JUSTICE McMORROW, dissenting:

The majority holds that defendant’s post-conviction petition must be summarily dismissed because, even though defendant provided a sworn affidavit verifying the petition, he did not attach to the petition a second, evidentiary affidavit in support of his constitutional claim. In reaching this holding, the majority attempts to distinguish this court’s decision in 
People v. Williams
, 47 Ill. 2d 1 (1970), on its facts. However, the majority’s recitation of the facts in 
Williams
 is inaccurate. The facts in that case, properly understood, cannot be distinguished from those in the present appeal. 
Williams
 stands as controlling authority on the issue of the adequacy of the attachments to defendant’s post-conviction petition. Accordingly, I dissent.

In 
Williams
, the defendant alleged in a post-conviction petition that he was induced to plead guilty by misrepresentations made by his attorney. The petition was verified by the defendant’s sworn statement but no additional affidavits were attached. The State, like the majority today, argued that the petition should be dismissed “because, contrary to the requirements of the Post-Conviction Hearing Act, satisfactory affidavits were not attached to the petition” and because no reasons were “given for the absence of such affidavits.” 
Williams
, 47 Ill. 2d at 3. This court squarely rejected that argument, noting that the only additional affidavit the defendant could possibly have furnished to support his claim, other than his own sworn statement, would have been that of the very attorney who allegedly made the misrepresentations. 
Williams
, 47 Ill. 2d at 4.

Attempting to distinguish the facts in the present case from those in 
Williams
, the majority states,

“[I]n 
Williams
, the defendant alleged that he relied upon certain misrepresentations that were ‘whispered to him’ by his attorney following the entry of his guilty plea. 
Williams
, 47 Ill. 2d at 2. Thus, although the petition in 
Williams
 did not explicitly explain why ‘affidavits, records, or other evidence’ were not attached, it did contain facts from which this court easily inferred that ‘the only affidavit that petitioner could possibly have furnished, other than his own sworn statement, would have been that of his attorney.’ 
Williams
, 47 Ill. 2d at 4.” Slip op. at 7.

The majority’s attempt to distinguish 
Williams
 rests exclusively on the assumption that the defendant in that case in some way “relied upon” his attorney’s whispered comments
. According to the majority, it was the whispered nature of the misrepresentations in 
Williams
 which made it impossible for the defendant to provide any other affidavit in support of his post-conviction claim. But this reading of 
Williams
 is incorrect. The defendant in 
Williams 
did not allege that he “relied upon” his attorney’s whispered comments. This court’s holding in 
Williams
 was not based on that distinction.

The actual allegations made by the defendant in 
Williams
 were:

“In his [post-conviction] petition defendant [Williams] alleged, among other things, that his constitutional rights were violated in that he was induced to plead guilty by representation of his attorney that the State would agree to a sentence of six months to one year in the county jail instead of seeking a sentence of 40 to 80 years in the penitentiary if he went to trial, and further, that even after the court imposed a sentence of three to seven years, his counsel whispered to him that the court would call him back and give him one year in the county jail. The petition, though sworn to by defendant, was unsupported by any other affidavits.” 
Williams
, 47 Ill. 2d at 2.

The foregoing quotation is 
this court’s only description of the allegations set forth in the defendant’s post-conviction petition in 
Williams
. Nowhere in that quotation does this court state that “the defendant alleged that he relied upon” (slip op. at 7) his attorney’s whispered comments. Nor, for that matter, does this court make that statement anywhere else in the 
Williams
 opinion. The simple fact is that, contrary to the majority’s assertions in the case at bar, the defendant in 
Williams
 did not allege that he “relied upon” the whispered comments that were made by his attorney after sentence had been pronounced. The reason this allegation was not made is readily understood when one considers the nature of the constitutional claim at issue.

The defendant in 
Williams
 alleged that, 
prior
 to entering his plea, his attorney made certain representations regarding the length of sentence he might receive if he were to plead guilty. 
Based on these representations, which were inaccurate, the defendant alleged that he was induced to plead guilty. Accordingly, the constitutional claim raised by the defendant in 
Williams
 was that his decision to plead guilty was involuntary, and thus violated due process, because it was based upon inaccurate information given to him by his attorney. The defendant further stated in his post-conviction petition that his attorney made whispered comments to him after sentence was pronounced. But the events that occurred 
after
 defendant entered his plea and 
after
 he was sentenced logically had no bearing on his claim that his guilty plea was involuntary and therefore played no part in this court’s decision.

There was only one constitutional claim raised in 
Williams
 that bore any relation to attorney comments, whispered or otherwise.
(footnote: 2) That claim was the defendant’s allegation that he was induced to plead guilty by his attorney’s misrepresentations. Of necessity, therefore, when the majority states that the defendant in 
Williams
 “relied upon” his attorney’s whispered comments (although this reliance is mentioned nowhere in the opinion) the majority must be saying that the whispered comments had some relevance to the defendant’s claim that his guilty plea was involuntary. But this position is untenable. How could the defendant in 
Williams
 have “relied upon” the whispered comments in deciding whether to plead guilty, when those comments came 
after
 the defendant had entered his plea and 
after
 the court had pronounced sentence? The obvious answer is that the defendant could not and did not. The majority’s statement that the defendant in 
Williams
 “relied upon” his attorney’s whispered comments is false. Consequently, the majority’s attempt to distinguish 
Williams
 fails.

As noted, this court in 
Williams
 rejected the State’s argument that the defendant’s post-conviction petition should be dismissed because it was not supported by a second, evidentiary affidavit. This court held:

“The State’s only contention is that the petition is insufficient to entitle petitioner to a hearing in that it was not accompanied by supporting affidavits. But the only affidavit that petitioner could possibly have furnished, other than his own sworn statement, would have been that of his attorney who allegedly made the misrepresentation to him. The difficulty or impossibility of obtaining such an affidavit is self-apparent. In 
People v. Wegner
, 40 Ill. 2d 28, where similar allegations of misrepresentations of counsel as to sentence were made, we held that dismissal of the petition without a hearing was improper; that defendant was entitled to an evidentiary hearing even though the State had filed a counteraffidavit of defendant’s attorney in which he denied making the statement attributed to him. It would certainly follow that if a defendant is entitled to a hearing despite a counteraffidavit of his attorney denying the allegations of the petition then a defendant should not be denied a hearing merely because he did not obtain a supporting affidavit from the attorney who represented him at the time of his plea.

Under such circumstances, to so strictly construe the Act as requested by the State would defeat its very purpose by denying petitioner a hearing on the factual issue raised by the pleadings. However, as stated in 
People v. Reeves
, 412 Ill. 555, we do not intend hereby to lessen the duty of petitioners under the Act to make a substantial showing of a violation of constitutional rights, for the allegations of mere conclusions to that effect under oath will not suffice. We do find that in this case the sworn statements of petitioner warrant a fair inference of a violation of constitutional rights which are not negated by the State nor by the record, and that an evidentiary hearing is required to determine the truth or falsity of petitioner’s allegations.” 
Williams
, 47 Ill. 2d at 4-5.

Notably, this court’s holding in 
Williams 
makes no mention of the defense attorney’s whispered comments. Again, this is not surprising. Because the whispered comments came after defendant had entered his plea and been sentenced they had no bearing on the constitutional issue presented, 
i.e.
, whether the defendant’s plea was involuntary because it was induced by misrepresentations made by his attorney.

Williams
 is controlling on the issue of whether, for purposes of surviving summary dismissal, the sworn statement submitted by defendant in the present case is sufficient to support the claim presented in his post-conviction petition. Defendant alleges that his counsel told him he would file an appeal but that counsel failed to do so. In support of this claim, “the only affidavit that petitioner could possibly have furnished, other than his own sworn statement, would have been that of his attorney who allegedly made the misrepresentation to him. The difficulty or impossibility of obtaining such an affidavit is self-apparent.” 
Williams
, 47 Ill. 2d at 4. Accordingly, the majority in the case at bar errs when it holds that defendant’s post-conviction petition must be summarily dismissed because defendant failed to attach satisfactory affidavits.

My colleagues in the majority may be concerned that, by allowing defendant’s sworn affidavit to suffice under the facts of this case, the standard for obtaining post-conviction relief may, in some way, be lessened. But as 
Williams
 makes clear, defendant’s burden is not diminished. To obtain post-conviction relief, defendant must still establish a substantial violation of a constitutional right. Moreover, any concern regarding the lessening of post-conviction standards is, in fact, much less pressing in the instant case than it was in 
Williams
. The issue presented in 
Williams
 was whether the defendant was entitled to an evidentiary hearing. But the issue in the case at bar is simply whether defendant’s petition survives summary dismissal at the first stage of post-conviction review. In practical terms, the question presented in this case is whether defendant, who filed his post-conviction petition 
pro se
, should be permitted to consult with an attorney regarding his constitutional claim and whether he should be given the opportunity to have counsel draft his claim into an appropriate legal form. Under 
Williams
, the lack of a second, evidentiary affidavit is not a bar to defendant being afforded that opportunity.

The majority has inaccurately stated the facts of 
Williams
. Those facts, with respect to the affidavit issue, are indistinguishable from the facts in the present case. 
Williams
 has been the law of this state for over 30 years. The majority has offered no reason to depart from that settled holding. I therefore dissent.

JUSTICES FREEMAN and KILBRIDE join in this dissent.

Dissent Upon Denial of Rehearing

JUSTICE McMORROW, dissenting:

I dissent from the court’s denial of rehearing because the majority opinion in this case is in conflict with 
People v. Boclair
, Nos. 89388, 89471, 89534 cons. (August 29, 2002), and no explanation or justification has been offered by the majority for the discrepancy between the two cases. I also dissent because, as set forth in detail below, the majority opinion is unsupported by legal authority and is beset with fundamental analytical flaws.

I

In 
Boclair
, this court was asked to decide whether a post-conviction petition which has not been filed within the time limitations set forth in section 122–1 of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122–1
 (West 2000))
 and which has failed to allege facts which show that the delay in filing was not due to the petitioner’s “culpable negligence,” may be summarily dismissed as “frivolous or *** patently without merit” under section 122–2.1(a)(2) of the Act (725 ILCS 5/122–2.1(a)(2) (West 2000)). This court concluded that such a petition could not be summarily dismissed. In so holding, we reasoned that the circuit court could not consider the timeliness of the post-conviction petition at the summary dismissal stage of the proceedings because the time limitations were neither included nor mentioned in the section of the Act which authorizes summary dismissals. We explained:

“Section 122–2.1(a)(2) requires the circuit court to determine within 90 days of the filing of a post-conviction petition whether the petition is ‘frivolous or is patently without merit.’ 725 ILCS 5/122–2.1(a)(2) (West 2000). Importantly, we note that this section is silent regarding timeliness. Rather, timeliness is addressed elsewhere, in section 122–1(c), instructing defendants as to the time periods for filing petitions. If this court can ascertain legislative intent from the plain language of the statute itself, that intent must prevail. 
Barnett v. Zion Park District
, 171 Ill. 2d 378 (1996). We will not depart from the plain language of the statute by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent. 
Barnett
, 171 Ill. 2d at 389.

Under a plain reading of section 122–2.1(a)(2), the circuit court may dismiss a post-conviction petition at the initial stage only if the petition is deemed to be ‘frivolous or patently without merit,’ not if it is untimely filed. If the legislature intended for a trial judge to 
sua sponte
 dismiss a petition as being untimely, it would have so provided in section 122–2.1(a)(2) of the Act. Instead, the legislature provided in section 122–5 that the State may file a motion to dismiss. [Citation.] By addressing timeliness and frivolousness in separate provisions of the Act, the legislature plainly intended to draw a distinction between these two flaws of post-conviction petitions.” 
Boclair
, slip op. at 6-7.

After reaching the above conclusions, we went on to determine that the phrase “frivolous or *** patently without merit” refers only to the substance of the claim alleged in the petition, not any procedural requirements or limitations imposed by the Act. We noted:

“To accept the argument that the circuit court has the authority to dismiss [an untimely] petition pursuant to section 122–2.1(a)(2) of the Act we would have to hold, contrary to the language of the Act, that the phrase ‘frivolous or *** patently without merit’ encompasses untimely petitions. We will not ignore the Act’s language and adopt this interpretation. If a petition is untimely that does not necessarily mean that the petition lacks merit.” 
Boclair
, slip op. at 7.

We also explained that it would be improper for a circuit court to consider the timeliness of a post-conviction petition at the summary dismissal stage because such an inquiry might require the court to determine whether the petitioner had alleged facts showing a lack of “culpable negligence” which would excuse the tardy filing. See 725 ILCS 5/122–1(c) (West 2000). Making a determination as to whether a petitioner lacked culpable negligence, we observed, would require the circuit court to do more than examine whether the petition alleged a violation of a constitutional right. We concluded that this would be improper:

“Moreover, when a circuit court determines whether a defendant is culpably negligent in filing his petition late, the circuit court makes an assessment of the defendant’s credibility. See 
McCain
, 312 Ill. App. 3d at 531. At this initial stage of the proceedings, however,
 the court should only determine whether the petition alleges constitutional deprivations
. The process at the summary review stage measures a petition’s substantive virtue rather than its procedural compliance. See 
Johnson
, 312 Ill. App. 3d at 534. In determining an issue of credibility, the circuit court necessarily exceeds the boundary set by section 122–2.1(a)(1).” (Emphasis added.) 
Boclair
, slip op. at 8.

Finally, we noted that it was inappropriate as a matter of policy for the circuit court to consider the timeliness of a post-conviction petition at the summary dismissal stage because to do might result in the loss of a meritorious claim of actual innocence. As we explained:

“Claims of actual innocence may be raised in a manner other than in a post-conviction petition, including in a section 2–1401 motion. 735 ILCS 5/2–1401 (West 2000). Nonetheless, to allow the circuit court to dismiss summarily post-conviction petitions for failure to present evidence of actual innocence in a timely manner could lead to a miscarriage of justice. Although our criminal justice system needs finality in criminal litigation and judgments, it should not come at the expense of justice and fairness.” 
Boclair
, slip op. at 8.

For the foregoing reasons, we concluded in 
Boclair
 that matters of timeliness must “be left for the State to assert during the second stage of the post-conviction proceedings.” 
Boclair
, slip op. at 8. During the initial, summary dismissal stage of post-conviction proceedings, 
Boclair
 holds, a circuit court may not consider whether a post-conviction petition has satisfied the procedural requirement of timeliness.

II

In the case at bar, the majority holds that the summary dismissal of defendant’s 
pro se
 post-conviction petition was proper because defendant failed to comply with the affidavit requirement set forth in section 122–2 of the Act (725 ILCS 5/122–2 (West 2000)). That section states, in pertinent part, that “[t]he petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached.” 725 ILCS 5/122–2 (West 2000). Defendant’s petition 
does
 contain an affidavit which attests to the truthfulness of the claim presented in his petition which is at issue here, 
i.e.
, that his court-appointed attorney failed to comply with his request to file an appeal. However, according to the majority, that affidavit serves only to verify the allegations in the petition. As such, the majority reasons, defendant’s affidavit is sufficient to satisfy section 122–1(b) of the Act (725 ILCS 5/122–1(b) (West 2000) (post-conviction petition must be verified by affidavit)), but is insufficient to satisfy the requirements of section 122–2. Slip op. at 6.

To satisfy the affidavit requirement of section 122–2, the majority holds, defendant should have attached at least one additional affidavit in support of his post-conviction claim. This second affidavit is necessary, the majority reasons, to show “that the verified allegations are capable of objective or independent corroboration.” Slip op. at 6. Presumably, therefore, the additional affidavit must come from someone other than defendant. The majority further holds that, in the absence of a second affidavit, defendant was required to “at least explain why such [objective or independent] evidence is unobtainable.” Slip op. at 7. In the majority’s view, defendant’s failure to comply with this latter “pleading requirement,” by itself, warrants summary dismissal of his post-conviction petition. Slip op. at 5, 7. The majority emphasizes that it is not deciding in this case whether defendant’s petition alleges a constitutional deprivation. See slip op. at 7 (distinguishing 
People v. Edwards
, 197 Ill. 2d 239 (2001)). Rather, the majority’s holding rests solely on the affidavit requirement of section 122–2.

III

The majority opinion in this case conflicts with 
Boclair
 at every significant point in its analysis. For example, the majority opinion at bar states:

“
Contrary to the clear mandate of section 122–2 of the Act
, defendant’s petition was unsupported by ‘affidavits, records, or other evidence’ and offered no explanation for the absence of such documentation. This fact alone justifies the summary dismissal of defendant’s petition.” (Emphasis added.) Slip op. at 5.

The affidavit requirement that the majority finds dispositive in this case is found in section 122–2 of the Act, not section 122–2.1, the section of the Act which authorizes summary dismissal. Pursuant to 
Boclair
, a circuit court may not look to any section of the Act other than section 122–2.1 to determine whether a post-conviction petition is subject to summary dismissal. See 
Boclair
, slip op. at 6.

In addition, 
Boclair
 holds that the only inquiry the circuit court may make at the summary dismissal stage is whether the post-conviction petition “alleges constitutional deprivations.” 
Boclair
, slip op. at 8. In other words, under 
Boclair
, the circuit court is limited at the summary dismissal stage to asking whether the petition states the “ ‘gist of a constitutional claim.’ ”
 Boclair
, slip op. at 6, 8, quoting 
People v. Gaultney
, 174 Ill. 2d 410, 418 (1996). According to 
Boclair
, matters of “procedural compliance” (
Boclair
, slip op. at 8) may 
not
 be considered in the initial stage of post-conviction review.

In contrast, the majority opinion in the case at bar does not consider whether defendant’s petition successfully alleges a constitutional deprivation by stating the gist of a constitutional claim. Instead, the majority concerns itself solely with whether defendant complied with the affidavit requirement of section 122–2. In contrast to
 Boclair
, the majority in this case holds that the circuit court 
should 
consider whether a 
pro se
 defendant has complied with the Act’s procedural requirements at the initial stage of post-conviction review. The majority holds that a 
pro se
 defendant’s failure to explain the absence of a second affidavit is sufficient reason, standing alone, to summarily dismiss a post-conviction petition (slip op. at 5, 7), even though the failure to provide that explanation “does not necessarily mean that the petition lacks merit” (
Boclair
, slip op. at 7).

The majority opinion in the case at bar also conflicts with the policy concerns expressed in 
Boclair
. As noted, the majority in this case holds that a 
pro se
 post-conviction petition should be summarily dismissed if it fails to comply with one of the pleading requirements set forth in section 122–2 of the Act. Section 122–2 provides, in full:

“The petition shall identify the proceeding in which the petitioner was convicted, give the date of the rendition of the final judgment complained of, and clearly set forth the respects in which petitioner’s constitutional rights were violated. The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached. The petition shall identify any previous proceedings that the petitioner may have taken to secure relief from his conviction. Argument and citations and discussion of authorities shall be omitted from the petition.” 725 ILCS 5/122–2 (West 2000).

According to the majority, defendant in this case failed to satisfy section 122–2’s requirement that he “at least explain” why a second affidavit was not attached to his petition. Slip op. at 7. Therefore, the majority holds, his petition was properly dismissed at the summary review stage. Slip op. at 7. Notably, in reaching this conclusion, the majority chooses not to provide defendant with the opportunity to amend his post-conviction petition with an explanation for why an additional affidavit is unavailable. Our case law would permit such an amendment. See 
People v. Watson
, 187 Ill. 2d 448 (1999). Nevertheless, the majority holds that defendant’s petition should be finally dismissed.

The majority’s decision not to permit any amendment of defendant’s post-conviction petition is of considerable importance. Under this holding, it is possible that a 
pro se
 defendant who has a meritorious constitutional claim, including a claim of actual innocence, may never have that claim reviewed by the courts solely because of a technical pleading defect that is easily subject to correction through amendment. The majority recognizes that its holding “will, in some cases, place an unreasonable burden upon post-conviction petitioners.” Slip op. at 7. However, the majority feels constrained by the language of the Act to reach this result. See slip op. at 7 (“[n]othing in the Act” authorizes the circuit court to depart from section 122–2’s pleading requirements at the summary dismissal stage).

Boclair
 reaches a contrary result. In 
Boclair
, we held that it would be a “miscarriage of justice” for a meritorious claim of actual innocence to evade judicial review because of a procedural deficiency in the post-conviction petition. According to 
Boclair
, allowing a claim of actual innocence to be lost because of a procedural deficiency would be contrary to principles of “justice and fairness.” 
Boclair
, slip op. at 8.

In sum:

• The majority opinion in this case holds that, in determining whether a 
pro se
 post-conviction petition is subject to summary dismissal, the circuit court should look beyond section 122–2.1(a)(2) of the Act and consider whether the petition has complied with the pleading requirements set forth in section 122–2. 
Boclair
 holds that the circuit court may 
not
 consider sections of the Act other than section 122–2.1(a)(2).

• The majority opinion in this case upholds the summary dismissal of defendant’s petition without considering whether defendant’s petition states the gist of a constitutional claim. 
Boclair
 holds that the circuit court may dismiss a post-conviction petition at the initial stage of review 
only
 if the petition fails to state the gist of a constitutional claim.

• The majority opinion in this case holds that a technical pleading deficiency in a 
pro se
 post-conviction petition warrants its summary dismissal. 
Boclair
 holds that, at the summary dismissal stage, the circuit court should not consider whether the petition is in “procedural compliance.” 
Boclair
, slip op. at 8.

• The majority opinion in this case holds that the language of the Act requires strict procedural compliance from 
pro se
 post-conviction petitioners at the summary dismissal stage. 
Boclair
 holds that such compliance may not be required at the initial stage of post-conviction review because to do so could result in “a miscarriage of justice.” 
Boclair
, slip op. at 8.

Our opinion in 
Boclair
 and the majority opinion in this case are in direct and irreconcilable conflict. Given this conflict, it is clear that the court’s opinion in 
Boclair
, as the later issued of the two opinions, has overruled the majority opinion in the case at bar. As I noted in my separate opinion in 
Boclair
 (see 
Boclair
, slip op. at 30 (McMorrow, J., concurring in part and dissenting in part, joined by Freeman, J.)), the court’s decision in 
Boclair
 to overrule the instant case cannot, by itself, be considered error. It is error, however, for the court in the case at bar not to acknowledge that fact. Because 
Boclair
 has overruled the majority opinion in this case, rehearing should be granted.

IV

Although the conflict between 
Boclair
 and the majority opinion in the case at bar is a sufficient basis, by itself, to grant defendant’s petition for rehearing, there are also several other compelling reasons to allow rehearing in this case.

The Meaning of ‘Objective Corroboration’

Setting 
Boclair
 to one side and assuming, 
arguendo
, that the circuit court may consider a post-conviction petition’s compliance with section 122–2 at the summary dismissal stage, rehearing should be granted in this case because the majority opinion overlooks, and thus fails to answer, a very basic question: Why is it that the affidavit submitted by defendant in this case cannot serve two purposes? In other words, Why is it that defendant’s affidavit cannot verify the allegations in the post-conviction petition while also substantiating those same allegations? The majority holds that a second affidavit is necessary in this case to show “that the verified allegations [in the petition] are capable of objective or independent corroboration.” Slip op. at 6. But in this case, 
defendant was a party to the conversation he had with his attorney regarding his appeal
. Why then does defendant’s sworn statement that his attorney told him he would appeal his case, but then neglected to do so, fail to satisfy the “objective corroboration” that the majority requires? As far as I can determine, the only way one could conclude that defendant’s affidavit in this case does 
not
 provide “objective corroboration” for his claim would be to assume that defendant is not telling the truth. But we are not permitted to make such an assumption at this stage of the proceedings. When the circuit court examines a post-conviction petition at the first stage of review pursuant to section 122–2.1(a)(2) of the Act, it must accept everything in the petition as true. See 
People v. Coleman
, 183 Ill. 2d 366, 380-81 (1998). Certainly, if defendant’s petition were to advance to an evidentiary hearing, defendant’s testimony by itself, if believed by the circuit court, would establish the truth of his factual assertions. Why then is the majority imposing a greater burden of evidentiary “corroboration” on the 
pro se
 defendant at the summary dismissal stage of the proceedings? The phrase “objective or independent corroboration” (slip op. at 6) does not appear in the Act and the majority has offered no authority for its proposition that, under the circumstances presented here, defendant must supply a second affidavit to “corroborate” his post-conviction claim at the summary dismissal stage. At a minimum, rehearing should be granted to explain why defendant’s affidavit fails the majority’s corroboration requirement.

Inapposite Authority

The majority states that defendant’s failure to attach a second affidavit or explain its absence is “fatal” to his petition. Slip op. at 5. In support of this statement, the majority cites 
People v. Turner
, 187 Ill. 2d 406, 414 (1999), 
People v. Coleman
, 183 Ill. 2d 366, 380 (1998), and 
People v. Jennings
, 411 Ill. 21, 26 (1952). Slip op. at 5. These cases are manifestly distinguishable from the case at bar. 
Jennings
 is inapposite because that case predates the addition of section 122–2.1(a)(2) to the Act. The petitioner in 
Jennings 
was represented by counsel and summary dismissal was not a possibility. 
Turner
 and 
Coleman
 are death penalty cases. There is no summary dismissal for post-conviction petitions filed in capital cases. See 725 ILCS 5/122–2.1(a)(1) (West 2000). It is plainly inappropriate to rely on these decisions in this case, which is concerned solely with the requirements a noncapital post-conviction petition must meet at the summary dismissal stage. 

Although the majority cites no pertinent authority to support its holding, there is authority from this court, directly on point, which is contrary to the majority’s position. As I noted in my original dissent in this case, over 30 years ago, in 
People v. Williams
, 47 Ill. 2d 1 (1970), this court held that when a 
pro se
 post-conviction petitioner’s claim of ineffective assistance of counsel is based on an attorney-client conversation, the only supporting affidavit required is the defendant’s own. In 
Williams
, we stated:

“The State’s only contention is that the petition is insufficient to entitle petitioner to a hearing in that it was not accompanied by supporting affidavits. But the only affidavit that petitioner could possibly have furnished, other than his own sworn statement, would have been that of his attorney who allegedly made the misrepresentation to him. The difficulty or impossibility of obtaining such an affidavit is self-apparent. In 
People v. Wegner
, 40 Ill. 2d 28, where similar allegations of misrepresentations of counsel as to sentence were made, we held that dismissal of the petition without a hearing was improper; that defendant was entitled to an evidentiary hearing even though the State had filed a counteraffidavit of defendant’s attorney in which he denied making the statement attributed to him. It would certainly follow that if a defendant is entitled to a hearing despite a counteraffidavit of his attorney denying the allegations of the petition then a defendant should not be denied a hearing merely because he did not obtain a supporting affidavit from the attorney who represented him at the time of his plea.

Under such circumstances, to so strictly construe the Act as requested by the State would defeat its very purpose by denying petitioner a hearing on the factual issue raised by the pleadings. However, as stated in 
People v. Reeves
, 412 Ill. 555, we do not intend hereby to lessen the duty of petitioners under the Act to make a substantial showing of a violation of constitutional rights, for the allegations of mere conclusions to that effect under oath will not suffice. We do find that in this case the sworn statements of petitioner warrant a fair inference of a violation of constitutional rights which are not negated by the State nor by the record, and that an evidentiary hearing is required to determine the truth or falsity of petitioner’s allegations.”
Williams
, 47 Ill. 2d at 4-5.

I explained at length in my original dissent in this case why the majority’s attempt to factually distinguish 
Williams
 fails. I leave it to the reader to decide whether the majority has accurately represented the facts in 
Williams
. For myself, I must reluctantly conclude, as Chief Justice Harrison once remarked, that “
[s]tare decisis
 means nothing” (
People v. Kinkead
, 182 Ill. 2d 316, 348 (1998) (Harrison, J., specially concurring)) to the majority in this case. Rehearing should be granted in this case to strike the citations to inapposite case law and to conform the majority opinion with our holding in 
Williams
.

Failure to Permit Amendment of Defendant’s Petition

In recent years there has been a growing public discussion regarding possible shortcomings in the Illinois criminal justice system. Most of the discussion has centered on the cases of 13 individuals who have been released from death row in Illinois. These cases have provoked a serious reexamination of capital punishment in this state and prompted some individuals to question the integrity of our criminal justice system itself. Chief Justice Harrison, for example, has expressed this view:

“[L]egislatures and the courts appear to have abandoned any genuine concern with insuring the fairness and reliability of the system. Achieving ‘finality’ in death cases, and doing so as expeditiously as possible, have become the dominant goals in death penalty jurisprudence.” 
People v. Bull
, 185 Ill. 2d 179, 227 (1998) (Harrison, J., concurring in part and dissenting in part) (noting that legal oversight of the capital punishment system has diminished and that “[t]he General Assembly has drastically shortened the period in which post-conviction relief can be sought, thereby reducing the time in which exonerating evidence may be discovered”).

Voicing concerns over the fairness and reliability of the capital punishment system, Governor Ryan imposed a moratorium on the death penalty in January 2000. Shortly thereafter, he authorized the creation of the Commission on Capital Punishment and charged that body with making recommendations “ ‘designed to further ensure the application and administration of the death penalty in Illinois is just, fair and accurate.’ ” T. Sullivan, 
Repair or Repeal–Report of the Governor’s Comm’n on Capital Punishment
, 90 Ill. B.J. 304, 304 (2002). In its recently issued final report, the commission makes numerous recommendations for improving the capital punishment system. Importantly, however, for purposes of the case at bar, the commission notes that many of the problems underlying the capital punishment system pertain to the criminal justice system as a whole:

“It became readily apparent during many of the discussions on particular points, however, that recommendations that were being made with respect to the capital punishment system could apply with equal force to other cases in the criminal justice system.

During some of its discussions, Commission members were struck by the fact that particular cases received a much higher level of scrutiny because capital punishment was involved. Had those same defendants been sentenced to life imprisonment, or a term of years, their cases might not have been reviewed as carefully and by so many different parties. As a result, some of the injustices with which the public has recently become acquainted might not have been corrected.” Report of the Governor’s Commission on Capital Punishment, ch.14, at 188 (April 2002).

I explained previously in this dissent how the majority opinion in the case precludes a 
pro se
 defendant from amending his post-conviction petition to correct pleading deficiencies and how this holding means the possible loss of meritorious constitutional claims. It is both ironic and unfortunate that at a time when the entire Illinois criminal justice system is under intense scrutiny and serious questions have been raised regarding its fairness and accuracy, the majority has decided to completely foreclose consideration of meritorious constitutional claims, including claims of actual innocence, based on technical pleading deficiencies. As stated, our case law permits the amendment of post-conviction petitions at the summary dismissal stage. See 
People v. Watson
, 187 Ill. 2d 448 (1999). Even assuming, therefore, that 
pro se
 defendants should be held accountable for section 122–2’s pleading requirements at the summary dismissal stage, rehearing should be granted in this case and the majority opinion modified to provide defendant with the opportunity to amend his post-conviction petition with an additional affidavit or an explanation for why such an affidavit is unavailable.

The majority’s decision in this case is contrary to both recent and long-established precedent of this court and, with due respect, is profoundly ill-advised. I therefore dissent from the court’s denial of rehearing.

JUSTICE FREEMAN joins in this dissent.

FOOTNOTES
1:     
1
In its initial order, the appellate court mistakenly identified the date of defendant’s guilty plea and conviction as July 9, 1997.

2:     
2
In addition to his claim that his guilty plea was involuntary, the defendant in 
Williams
 also alleged “that the hearing on the voluntariness of his plea should have been heard by a judge other than the trial judge.” 
Williams
, 47 Ill. 2d at 5.