NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 200591-U

NO. 4-20-0591

IN THE APPELLATE COURT

FILED
February 3, 2022
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| DEVEONTA M. LINDSEY, | ) | No. 18CF1659 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Presiding Justice Knecht and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The appellate court reversed and remanded for second-stage postconviction proceedings, concluding the defendant stated the gist of a constitutional claim of ineffective assistance of counsel.

¶ 2   Defendant, Deveonta M. Lindsey, appeals from the Champaign County circuit court's summary dismissal of his *pro se* postconviction petition. Defendant argues he stated the gist of a constitutional claim of ineffective assistance of counsel because his trial counsel failed to disclose potentially exculpatory forensic evidence and, but for this failure, defendant would not have pleaded guilty to unlawful possession of a weapon by a felon. The State responds defendant failed to attach sufficient documentation in support of his claim or, alternatively, he failed to state the gist of a constitutional claim of ineffective assistance of counsel. We agree with defendant and reverse and remand for second-stage postconviction proceedings.

¶ 3                                    I. BACKGROUND

¶ 4            In November 2018, the State charged defendant by information with aggravated

battery with a firearm, a Class X felony (720 ILCS 5/12-3.05(e)(1) (West 2016)), aggravated

discharge of a firearm, a Class 1 felony (*id.* § 24-1.2(a)(2)), and unlawful possession of a weapon

by a felon, a Class 2 felony (*id.* § 24-1.1(a), (e)). The charges stemmed from allegations that on

November 18, 2018, defendant, along with two other men, participated in a drive-by shooting in

which Kiara Frazier was shot and suffered serious injuries.

¶ 5            In October 2019, defendant entered into an "open" plea agreement with the State.

In exchange for defendant's plea of guilty to unlawful possession of a weapon by a felon, the

State agreed to dismiss the remaining charges. The State provided the following factual basis:

> "Kiara, K-i-a-r-a, Frazier was in the backseat of a car on November 18,
>
> 2018, when a vehicle, a Chevy Impala, drove up next to the car she was in after
>
> leaving the American Legion parking lot. At that time, she reported that two
>
> suspects fired firearms into the vehicle, which struck her in the arm, chest, and
>
> mouth. The victim was able to provide a written statement, where she identified
>
> *** [d]efendant as one of the men with a firearm."

Following the State's factual basis, the court admonished defendant regarding the rights he was

giving up by pleading guilty and found defendant's plea to be knowing and voluntary.

¶ 6            At defendant's sentencing hearing, Detective Sumption testified he was the lead

detective in this case. As part of his investigation, Detective Sumption interviewed defendant on

November 27, 2018. During this interview, defendant offered to voluntarily turn over to the

police a bag of clothing, which he claimed he had been wearing on the night in question.

Defendant stated there would be no gunshot residue (GSR) found on the clothing. Upon

Detective Sumption's inspection, he reported the bag smelled "overwhelmingly" of laundry detergent. Detective Sumption further testified that following testing performed by the Illinois State Police Crime Laboratory, "no GSR was found on [defendant']s clothing." However, Detective Sumption explained the results were "inconclusive" because the GSR "could have been deteriorated over time" or the clothing "could have been washed," and therefore the results did not indicate "definitively" that defendant did not fire a gun. On cross-examination, Detective Sumption agreed Kiara Frazier initially presented, as firsthand knowledge, information that an individual named Donnie Caldwell was firing from the suspect vehicle; she later revealed the information came instead from Nathaniel Ruth, who was driving the vehicle into which defendant allegedly shot. Frazier also initially identified an individual named Dante Pickens as the driver of the suspect vehicle but later stated she was not sure he was actually involved and did not know why she initially identified him.

¶ 7        The circuit court sentenced defendant to 12 years in prison. Defendant did not file a motion to withdraw his guilty plea or to reconsider his sentence and did not appeal his conviction or sentence.

¶ 8        On September 22, 2020, defendant *pro se* filed a postconviction petition alleging ineffective assistance of counsel. Specifically, defendant alleged the following bases for his claim: (1) defense counsel withheld the results of the GSR testing performed on the clothing he turned over to the police, (2) he was "coerced" into pleading guilty, (3) counsel "fail[ed] to suppress evidence," and (4) counsel "fail[ed] to raise trial." Defendant attached an affidavit to the petition, averring "had [he] known that the [S]tate could not posses[s] any gun powder residue prior to [defendant] accepting the plea deal[, he] would have insisted on proceeding to trial." Defendant also addressed his counsel, stating, "I would like for you to sign this affidavit

agreeing that you did not reveal, until after I ple[d] guilty, the [S]tate did not have in their evidence gun powder residue on clothing."

¶ 9　　　　On September 30, 2020, the trial court entered a written order dismissing the petition as frivolous and patently without merit, stating, "[Defendant] was identified by a witness as one of two individuals armed with a firearm. He has only his statement that this information concerning GSR was withheld from him. His attempt to get an affidavit from his attorney is insufficient to establish ineffective assistance of counsel."

¶ 10　　　　This appeal followed.

¶ 11　　　　　　　　　　　　II. ANALYSIS

¶ 12　　　　On appeal, defendant argues the trial court erroneously dismissed his petition at the first stage of proceedings because he stated the gist of a claim of ineffective assistance of counsel. Specifically, defendant argues his plea counsel failed to inform him that his clothing had tested negative for the presence of GSR and, but for this failure, defendant would not have pleaded guilty and would have instead proceeded to trial. The State argues the trial court properly dismissed the petition because he failed to (1) attach sufficient evidence in support of the allegations in the petition or, alternatively, (2) state the gist of a constitutional claim of ineffective assistance of counsel. We agree with defendant.

¶ 13　　　　　　　　　　A. Postconviction Proceedings

¶ 14　　　　The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2020)) "provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitutions." *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1075 (2010). Postconviction proceedings are divided into three stages. *People v. English*, 2013 IL 112890, ¶ 23, 987 N.E.2d 371. At the first

stage, the trial court must review the postconviction petition and determine whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2020). A petition may be dismissed at the first stage of proceedings as frivolous and patently without merit "only if the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 11-12, 912 N.E.2d 1204, 1209 (2009). A petition lacks an arguable legal basis when it is based on an indisputably meritless legal theory, such as one that is completely contradicted by the record. *Id.* at 16. A petition lacks an arguable factual basis when it is based on a fanciful factual allegation, such as one that is clearly baseless, fantastic, or delusional. *Id.* at 16-17.

¶ 15        "To survive dismissal at this stage, the petition must only present 'the gist of a constitutional claim.' " *People v. Boclair*, 202 Ill. 2d 89, 99, 789 N.E.2d 734, 740 (2002). (quoting *People v. Gaultney*, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996). "This is a low threshold and a defendant need only present a limited amount of detail in the petition," and "need not make legal arguments or cite to legal authority." *Gaultney*, 174 Ill. 2d at 418. "This low threshold does not excuse the *pro se* petitioner from providing factual support for his claims; he must supply sufficient factual basis to show the allegations in the petition are 'capable of objective or independent corroboration.' " *People v. Allen*, 2015 IL 113135, ¶ 24, 32 N.E.3d 615 (quoting *People v. Collins*, 202 Ill. 2d 59, 67, 782 N.E.2d 195, 199 (2002)). The trial court is required to determine "whether the allegations in the petition, liberally construed and taken as true, set forth a constitutional claim for relief." *Boclair*, 202 Ill. 2d at 99. In evaluating the allegations, the court may not engage in factfinding or credibility determinations. *Id.*

¶ 16        "In considering a petition pursuant to [section 122-2.1 of the Act], the [trial] court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding[,] and any transcripts of such proceeding." 725

ILCS 5/122-2.1(c) (West 2020). The petition must be both (1) verified by affidavit and (2) supported by "affidavits, records, or other evidence supporting its allegations," or, if not available, the petition must explain why. 725 ILCS 5/122-2 (West 2020); *Collins*, 202 Ill. 2d at 65. Generally, noncompliance with section 122-2 "is fatal to a post-conviction petition [citation] and by itself justifies the petition's summary dismissal [citations]." (Internal quotation marks omitted.) *Id.* at 66. However, the "[f]ailure to attach independent corroborating documentation or explain its absence may *** be excused where the petition contains facts sufficient to infer that the only affidavit the defendant could have furnished, other than his own sworn statement, was that of his attorney." *People v. Hall*, 217 Ill. 2d 324, 333, 841 N.E.2d 913, 919 (2005) (citing *Collins*, 202 Ill. 2d at 68; *People v. Williams*, 47 Ill. 2d 1, 4, 264 N.E.2d 697, 698 (1970)). This court reviews the first-stage dismissal of a postconviction petition *de novo*. *People v. Dunlap*, 2011 IL App (4th) 100595, ¶ 20, 963 N.E.2d 394.

¶ 17                                    B. Ineffective Assistance Claims

¶ 18         A defendant's claim of ineffective assistance of counsel is analyzed under the familiar two-pronged test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Cathey*, 2012 IL 111746, ¶ 23, 965 N.E.2d 1109. To prevail on an ineffective assistance claim, "a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defendant." *People v. Petrenko*, 237 Ill. 2d 490, 496, 931 N.E.2d 1198, 1203 (2010). An attorney's performance is deficient if it falls below an objective standard of reasonableness. *People v. Evans*, 209 Ill. 2d 194, 219, 808 N.E.2d 939, 953 (2004) (citing *Strickland*, 466 U.S. at 687-88).

¶ 19         "When a guilty plea is challenged on ineffective assistance grounds, the prejudice prong of *Strickland* is satisfied if a reasonable probability exists that, but for counsel's errors, the

- 6 -

defendant would not have pleaded guilty and would have insisted on going to trial." *People v. Miller*, 346 Ill. App. 3d 972, 982, 806 N.E.2d 759, 767 (2004). However, "[a] bare allegation that the defendant would have pleaded not guilty and insisted on a trial if counsel had not been deficient is not enough to establish prejudice." *Hall*, 217 Ill. 2d at 335. Instead, "the defendant's claim must be accompanied by either a claim of innocence or the articulation of a plausible defense that could have been raised at trial." *Id.* at 335-36. Recently, in *People v. Hatter*, 2021 IL 125981, ¶ 30, our supreme court stated,

"The question of whether counsel's alleged deficient performance caused [the defendant] to plead guilty depends in large part on predicting whether he likely would have been successful at trial. [Citations.] Stated differently, we must ask whether [the defendant] arguably would have been better off rejecting the plea offer and insisting on a trial. [Citation.]" (Internal quotation marks omitted.) (quoting *People v. Brown*, 2017 IL 121681, ¶ 34, 102 N.E.3d 205).

A defendant must satisfy both prongs of the *Strickland* standard, and the failure to satisfy either prong precludes a finding of ineffective assistance of counsel. *People v. Clendenin*, 238 Ill. 2d 302, 317-18, 939 N.E.2d 310, 319 (2010).

¶ 20                  C. This Case

¶ 21                  1. *Supporting Documentation*

¶ 22          We first address the State's argument the trial court's summary dismissal of defendant's petition was justified on the basis he failed to attach an affidavit from defense counsel to support his allegation she failed to inform him of the results of the GSR testing on his clothing.

¶ 23    Here, defendant attached to the petition his own affidavit averring defense counsel failed to disclose the results of the GSR testing and directly addressed his plea counsel, stating, "I would like for you to sign this affidavit agreeing that you did not reveal, until after I ple[d] guilty, the [S]tate did not have in their evidence gun powder residue on clothing." Like the defendant in *Williams*, defendant's request here, along with the facts alleged, support an inference that the only affidavit he could have furnished to support his claim of ineffective assistance of counsel—aside from his own—was that of defense counsel. See *Williams*, 47 Ill. 2d at 4; *Hall*, 217 Ill. 2d at 333. Accordingly, we reject the State's contention the trial court's summary dismissal of defendant's petition should be affirmed based on defendant's failure to comply with section 122-2 of the Postconviction Act.

¶ 24                    2. *Ineffective Assistance*

¶ 25    Here, taking defendant's unrebutted factual allegations as true, we conclude defendant has met his low burden of stating the gist of a claim of ineffective assistance of counsel.

¶ 26    First, because the record does not rebut defendant's allegation his trial counsel failed to disclose the results of the GSR testing, we find defendant has made an arguable claim this conduct was professionally unreasonable. Defendant attached to his petition an affidavit averring counsel failed to disclose to him that the laboratory tests conducted on his clothing tested negative for the presence of GSR. A defense counsel's failure to disclose or present available, exculpatory evidence to a criminal defendant in support of his defense may constitute deficient performance under *Strickland*. See *People v. York*, 312 Ill. App. 3d 434, 437, 727 N.E.2d 674 (2000) (holding defense counsel's failure to properly introduce exculpatory forensic evidence in sexual assault trial to corroborate defendant's testimony was deficient performance).

Accordingly, we conclude defendant's petition presented a sufficient factual and legal basis—that is, neither "fanciful" nor "based on an indisputably meritless legal theory"—to satisfy the first prong of *Strickland*.

¶ 27    Next, taking as true defendant's unrebutted allegation he would not have pleaded guilty but for his counsel's failure to disclose the results of the GSR testing, we further find defendant has made an arguable claim he was prejudiced by his counsel's alleged deficient performance. We agree with defendant's argument that, if presented, the presence, or lack thereof, of GSR on the clothing defendant wore on the night in question may have been relevant to the question of whether he was guilty of the crimes charged in this case, all of which involved the possession or discharge of a firearm. Detective Sumption testified the clothing defendant provided him appeared consistent with the clothing he was seen wearing on the date of the alleged crime. Although Detective Sumption also testified the GSR testing results were "inconclusive" and that the clothing smelled strongly of laundry detergent, this testimony goes to defendant's credibility and the inferences to be drawn from the laboratory results. Because the trial court is precluded from engaging in factfinding and credibility determinations at this stage of proceedings, Detective Sumption's testimony does not render defendant's claim frivolous or patently without merit. Furthermore, coupled with (1) discrepancies in Kiara Frazier's identifications of the individuals involved in the shooting and (2) the acquittal of defendant's codefendant Donnie Caldwell at his criminal trial involving charges related to the same shooting (of which we may take judicial notice, see *People v. Alvarez-Garcia*, 395 Ill. App. 3d 719, 726-27, 936 N.E.2d 588, 595 (2009)), we find defendant has supported his claim of ineffective assistance with a "plausible" defense. Thus, defendant has shown it is—at least—*arguable* he

"would have been better off rejecting the plea offer and insisting on a trial." (Internal quotation marks omitted.) *Hatter*, 2021 IL 125981, ¶ 30.

¶ 28    Because defendant has met his low burden of providing unrebutted facts which, taken as true, support a claim of ineffective assistance of counsel, the circuit court erroneously dismissed defendant's petition as frivolous and patently without merit, and we reverse and remand for second-stage proceedings. We emphasize our holding is limited to the conclusion defendant's *pro se* petition met the minimum standard required to survive the first stage of proceedings and express no opinion on the ultimate merits of his claim.

¶ 29                      III. CONCLUSION

¶ 30    For the reasons stated, consistent with Illinois Supreme Court Rule 23(b) (eff. Jan. 1, 2021) we reverse the Champaign County circuit court's judgment and remand for further proceedings.

¶ 31    Reversed and remanded.