NOTICE
Decision filed 04/17/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220313-U

NO. 5-22-0313

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 15-CF-1120 |
| | ) | |
| DARION EVANS, | ) | Honorable |
| | ) | Thomas E. Griffith, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Cause affirmed where defendant's guilty plea waived any constitutional challenge to his sentence.

¶ 2    Defendant, Darion Evans, appeals from the Macon County circuit court's denial of his petition for postconviction relief following a third-stage evidentiary hearing. On appeal, defendant argues that postconviction counsel provided unreasonable assistance during the third-stage hearing. For the reasons that follow, we affirm.

¶ 3                                I. Background

¶ 4    On September 16, 2015, the State charged defendant by seven count information. Relevant to this appeal, count IV alleged that defendant committed the offense of first degree felony murder (720 ILCS 5/9-1(a)(3) (West 2014)). The State thereafter amended count IV charging defendant

1

with the offense of first degree murder (*id.*), wherein defendant, without lawful justification, while committing or attempting to commit a forcible felony, armed robbery, used a dangerous weapon upon Cesley Taylor and thereby caused the death of Cesley Taylor.[1] Defendant was 16 years old at the time of the offense.

¶ 5    On August 30, 2017, the parties advised the circuit court that defendant would plead guilty to amended count IV, first degree felony murder (*id.*). The State noted that it would strike the "gun language" from that count. The State advised the court that this was a fully negotiated plea, wherein defendant would receive a sentence of 45 years in prison followed by 3 years of mandatory supervised release. All other counts would be dismissed. At the guilty plea hearing, the court noted that *People v. Reyes*, 2016 IL 119271, was pending before the Illinois Supreme Court, and the court expressed concern related to whether the juvenile sentencing statute could be applied retroactively. As such, the parties continued the proceedings to investigate the specifics related to juvenile sentencing rules.

¶ 6    On October 12, 2017, the parties appeared before the circuit court. The court admonished defendant pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012). Relevant to this appeal, the court admonished defendant that the "minimum sentence on the murder and attempt murder charges would have been" 76 years. Following a conference off the record, the court indicated that it needed "some time to think about the situation" where there were questions as to "whether or not the Juvenile Sentencing Statute would apply."

---

[1]The original seven count information additionally charged defendant with three counts of first degree murder (730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2014)), one count of attempted first degree murder (720 ILCS 5/8-4(a), (c)(1)(D); 9-1(a)(1) (West 2014)), and two counts of armed robbery (720 ILCS 5/18-2(a)(4) (West 2014)).

¶ 7    On November 17, 2017, the circuit court held a disposition hearing. Defendant waived a trial by jury. The State advised that the parties entered into a fully negotiated plea agreement, wherein defendant would plead guilty to first degree felony murder in exchange for the State's dismissal of all other charges. The State also recommended a sentence of 45 years in prison with 3 years of mandatory supervised release. The court accepted defendant's guilty plea and dismissed all other charges. The court entered a judgment of conviction and sentenced defendant to 45 years in prison followed by 3 years of mandatory supervised release. Defendant did not move to withdraw his plea, nor did he pursue a direct appeal.

¶ 8    On June 9, 2020, defendant filed a postconviction petition, arguing that the 45-year sentence imposed upon him for an offense committed when he was 16 years old violated the eighth amendment of the United States Constitution (U.S. Const., amend. VIII) as well as the corresponding provisions of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). He also argued that he received a *de facto* life sentence without consideration of his youth and attendant circumstances.

¶ 9    The circuit court appointed counsel, moving the petition to the second stage. Appointed counsel amended the petition, arguing that the Illinois Supreme Court's decision in *People v. Buffer*, 2019 IL 122327, impacted the constitutionality of defendant's guilty plea. Specifically, the amended petition argued that defendant's 45-year sentence constituted a *de facto* life sentence. The State responded, arguing, relevant to this appeal, that defendant's guilty plea waived any issue of whether defendant's sentence was constitutional, pursuant to *People v. Jones*, 2021 IL 126432, which at the time was pending before the Illinois Supreme Court.

¶ 10    At a hearing on May 19, 2021, the circuit court expressed concern that it would issue a ruling on the petition that might conflict with the supreme court's later decision. Therefore, the

3

court intentionally continued the case until it received guidance from the Illinois Supreme Court. The court suggested that the parties proceed with the third-stage hearing after the Illinois Supreme Court issued its decision in *Jones*.[2]

¶ 11    Ultimately, on May 12, 2022, the circuit court held a third-stage hearing on defendant's amended petition for postconviction relief. Following a hearing wherein guilty plea counsel and defendant testified, the court determined that defendant's claim was waived pursuant to *Jones*, where defendant entered into a fully negotiated guilty plea. In rendering its decision, the court stated, "if *Jones* was not the current status of the law, I don't believe I could probably make a finding that the defendant was irreparably incorrigible with no hope of rehabilitation, and I probably would have reduced the sentence to 40 years or shortly under the 40 years guideline." However, the court noted that "based on *Jones*, I don't believe I have that option. That case is exactly on point. They found waiver applied. I have to find that waiver applied here ***."

¶ 12    This timely appeal followed.

¶ 13                                    II. Analysis

¶ 14    On appeal, defendant argues that postconviction counsel provided unreasonable assistance during the third-stage evidentiary hearing where she failed to amend the petition to allege that guilty plea counsel was ineffective when he advised defendant to plead guilty based on the misapprehension that a 76-year sentence was the mandatory minimum sentence when it constituted a *de facto* life sentence that could not be imposed without considering several factors in mitigation. The State responds that pursuant to the Illinois Supreme Court's holding in *People v. Jones*, 2021 IL 126432, defendant waived his challenge to his sentence, where he entered into a fully negotiated

_____

[2]The Illinois Supreme Court ultimately rendered its decision on December 16, 2021.

4

guilty plea and failed to timely challenge the plea. For the reasons that follow, we agree with the State.

¶ 15 "It is well established that a voluntary guilty plea waives all non-jurisdictional errors or irregularities, including constitutional ones." *People v. Townsell*, 209 Ill. 2d 543, 545 (2004). In determining whether a legal claim has been waived, courts should examine the particular facts and circumstances of a case, and waiver principles should be construed liberally in favor of the defendant. *People v. Phipps*, 238 Ill. 2d 54, 62 (2010). Further, " ' "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." ' " *People v. Stroud*, 208 Ill. 2d 398, 403 (2004) (quoting *People v. Johnson*, 75 Ill. 2d 180, 187 (1979), quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).

¶ 16 Waiver applies to a defendant's claim pursuant to recent changes in the law set forth in *People v. Jones*, 2021 IL 126432, and *People v. Sophanavong*, 2020 IL 124337. According to *Jones*, 2021 IL 126432, ¶ 20, "[i]t is well established that a voluntary guilty plea waives all non-jurisdictional errors or irregularities, *including constitutional ones*." (Emphasis in original and internal quotation marks omitted.) *Sophanavong*, 2020 IL 124337, ¶ 33 (quoting *Townsell*, 209 Ill. 2d at 545). "[P]lea agreements are contracts, and principles of waiver apply equally to them." *Jones*, 2021 IL 126432, ¶ 21 (citing *People v. Absher*, 242 Ill. 2d 77, 87 (2011)).

¶ 17 Recently, in *Jones*, the Illinois Supreme Court considered whether a defendant's guilty plea precluded a sentencing challenge under *Miller v. Alabama*, 567 U.S. 460 (2012). *Jones*, 2021 IL 126432. There, the defendant was charged with multiple offenses, including first degree murder, arising from the deaths of an elderly couple during a 1999 home invasion. *Id*. ¶ 3. The defendant was 16 years old at the time he committed the offenses. *Id*. In 2000, the defendant, then age 17,

5

entered into a fully negotiated plea agreement with the State in which the defendant would plead guilty to one count each of first degree murder and residential burglary and two counts of armed robbery in exchange for the dismissal of the remaining charges and concurrent sentences of 50 years for murder, 30 years for each armed robbery count, and 15 years for residential burglary. *Id*. ¶ 4. The defendant waived the preparation of a presentence investigation report and a hearing on mitigating and aggravating factors, and the trial court entered judgment and sentence consistent with the plea agreement. *Id*. ¶ 5.

¶ 18 Before our supreme court, the defendant argued that the sentencing scheme in place at the time of his guilty plea violated the eighth amendment under *Miller* because if he had gone to trial and been convicted of committing two murders, he would have been subject to a mandatory life sentence. *Id*. ¶ 15. He further argued that in order to comply with *Miller*, the trial court was required to use its discretion before imposing a life sentence upon a juvenile offender. *Id*. Since the mandatory life sentence precluded any discretion by the trial court, the defendant maintained that his sentence violated the eighth amendment as applied to him. *Id*. The defendant conceded that he was not sentenced under that statutory scheme, but maintained that "when he entered into the plea agreement with the State, he did not anticipate that the 50-year prison term stipulated in it would later be declared to be a *de facto* life sentence that required the trial court's use of discretion and consideration of his youthful characteristics and rehabilitative potential." *Id*. ¶ 19.

¶ 19 Our supreme court rejected the defendant's arguments, noting that the parties all understood the law applicable at the time of the plea, and thus, "[t]he crux of [the defendant's] claim is that none of [the parties] knew that the Supreme Court would later change the criteria for reviewing the constitutionality of the applicable law." *Id*. The supreme court then considered the defendant's plea agreement and pointed out that a voluntary guilty plea waives "all non-

6

jurisdictional errors or irregularities, *including constitutional ones*." (Emphasis in original and internal quotation marks omitted.) *Id*. ¶ 20 (quoting *Sophanavong*, 2020 IL 124337, ¶ 33, quoting *Townsell*, 209 Ill. 2d at 545). The court further noted that plea agreements are a contract and the principles of waiver apply equally to them. *Id*. ¶ 21. The court reasoned that guilty pleas allow defendants to gain a present benefit in exchange for the risk of losing out on future favorable legal developments. *Id*.

¶ 20      In rejecting the defendant's claims, our supreme court pointed out that the trial court was not required to accept the parties' fully negotiated plea agreement, which "necessarily constituted an exercise of its discretion" with respect to the defendant's sentence. *Id*. Therefore, the *Jones* court held that the defendant's constitutional claims were not cognizable under *Miller* and the trial court did not err in denying the defendant's motion for leave to file a successive postconviction petition. *Id*. ¶ 28. We find our supreme court's holding in *Jones* dispositive to defendant's claim before us. Based on this recent precedent, defendant's claim is waived.

¶ 21      Here, defendant voluntarily entered into a negotiated plea agreement in exchange for the dismissal of serious additional charges against him. In addition, the State agreed to recommend a sentence of 45 years' imprisonment. Defendant failed to file a motion to withdraw a guilty plea, nor did he file a direct appeal. See *Sophanavong*, 2020 IL 124337, ¶ 22 ("Moreover, '[u]pon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived.' " (quoting Ill. S. Ct. R. 604(d) (eff. July 1, 2017))); see also *People v. Evans*, 174 Ill. 2d 320, 329 (1996) ("Any issue not raised in the motion to reconsider or to withdraw the plea shall be deemed waived.").

¶ 22      Defendant argues that his claim is viable, "regardless of *Jones*." Specifically, defendant argues that he was prejudiced, particularly where the circuit court stated that it may have reduced

7

defendant's sentence to "40 years or shortly under the 40 years guideline." We disagree, as this case presents precisely the type of collateral claim our Illinois Supreme Court intends to decline to extend relief, where a defendant knowingly entered into a negotiated plea and failed to raise the issue in either a motion to reconsider or to withdraw the plea. Thus, defendant's knowing and voluntary guilty plea waived any constitutional challenge, as envisioned in recent supreme court precedent set forth in *Sophanavong*, 2020 IL 124337, ¶ 33, and *Jones*, 2021 IL 126432, ¶ 21.

¶ 23    For these reasons, we affirm the circuit court's denial of defendant's third-stage postconviction petition, where defendant's claim is waived.

¶ 24                                  III. Conclusion

¶ 25    For the foregoing reasons, the judgment of the circuit court of Macon County is affirmed.


¶ 26    Affirmed.